IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON W. HALSTEAD, | ) | CASE NO. 1:16CV1978 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| CLARK SCOTT,[1] | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner Shannon W. Halstead ("Petitioner" or "Halstead") brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Doc. 1. Halstead is detained at the Belmont Correctional Institution, having been found guilty by a Cuyahoga County, Ohio, Court of Common Pleas jury of two counts of felonious assault, one count of kidnapping, and one count of theft. *State v. Halstead*, Case No. CR-14-588993-A (Cuyahoga Cty. Common Pleas Ct., filed January 26, 2015). At resentencing, the trial court merged the two felonious assault counts and the kidnapping count and sentenced Halstead to five years for felonious assault and six months for theft, to be served concurrently, for an aggregate sentence of five years in prison. Doc. 9-1, pp. 8, 116.[2]

On August 9, 2016, Halstead filed his Petition for Writ of Habeas Corpus setting forth two grounds for relief. Doc. 1, pp. 5-15. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. As set forth

---

[1] Although the Petition names Michelle Miller as the Respondent, Clark Scott is the Warden of the Belmont Correctional Institution, where Halstead is currently incarcerated. Thus, Warden Scott is the proper party Respondent, pursuant to Fed. Rule of Civil Procedure 25, because he is the person with the ability to produce the petitioner's body before the habeas court. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004). *See* Doc. 9, p. 1, n.1 (Respondent's Return of Writ).

[2] Doc. page citations are to ECF Doc. page numbers.

1

more fully below, Ground One is not cognizable and Ground Two fails on the merits. Thus, the undersigned recommends that Halstead's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

## I. Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Id.*; *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008).

### A. State Court Action

#### 1. Underlying Facts

The following summary of underlying facts is taken from the opinion of the Cuyahoga County Court of Appeals, Eighth Appellate District of Ohio:[3]

> {¶ 4} Halstead and the victim met on the bus when they were both returning home from their jobs. The victim was looking to purchase marijuana, and Halstead claimed that he knew someone that could sell it to the victim. In addition to purchasing the marijuana, the victim offered to help Halstead apply for a job at Olive Garden, where the victim worked. Because the application was online and, according to the victim, Halstead was unfamiliar with computers, he agreed to go to Halstead's home and assist him in filling out the online application.
>
> {¶ 5} The victim testified that after he and Halstead got off the bus, Halstead robbed him at knife-point. Halstead demanded the victim's chain, cell phone, and wallet, but the victim refused to give him the items. Halstead then knocked the victim to the ground and slashed his throat with the knife. During this altercation, a neighbor witnessed the fight, and threatened to release her dogs to stop the men from fighting. The neighbor testified that Halstead ran away down the street and the victim asked her for help.
>
> {¶ 6} When the victim was interviewed by the police, he described Halstead and picked him out of a photo array. The police also got a physical description of Halstead after viewing the surveillance video from the bus. Halstead was arrested three months later and

---

[3] Halstead has not demonstrated by clear and convincing evidence that the state court's findings were incorrect. Accordingly, the state court's findings are presumed correct. *See* 28 U.S.C. § 2254(e)(1); *see also Railey*, 540 F. 3d at 397.

2

...

found guilty of felonious assault, kidnapping, and theft. As a result, he filed this timely appeal.

*State v. Halstead*, 2016 WL 515758, at * 1 (Ohio Ct. App. Jan. 28, 2016).

### 2. Procedural History

On September 23, 2014, the Cuyahoga County grand jury indicted Halstead on two counts of felonious assault, R.C. 2903.11(A)(1) and (2) (Counts 1 & 2), two counts of aggravated robbery, R.C. 2911.01(A)(1) and (3) (Counts 3 & 4), one count of kidnapping, R.C. 2905.01(A)(3) (Count 5), and one count of theft, R.C. 2913.02(A)(1) (Count 6).  Doc. 9-1, pp. 5-5.  Halstead, through counsel, pleaded not guilty.  Doc. 9-1, p. 6.

The case proceeded to trial and the jury found Halstead guilty on Counts 1, 2, 5 and 6 and not guilty on Counts 3 and 4.  Doc. 9-1, p. 7.  At sentencing, the trial court merged Counts 1 and 2 and sentenced Halstead to five years in prison for Count 1, five years for Count 5, and six months for Count 6, to run concurrently, for an aggregate sentence of five years in prison.  Doc. 9-1, p. 8.

### A. Direct Appeal

On March 12, 2015, Halstead, through new counsel, filed a notice of appeal with the Ohio Court of Appeals.  Doc. 9-1, p. 10.  In his brief, he raised the following assignments of error:

> 1. Shannon's convictions for felonious assault, kidnapping, and theft were against the manifest weight of the evidence.
>
> 2. The trial court erred in giving a flight instruction to the jury because there was no evidence Shannon took affirmative steps to evade detection and apprehension by the police.
>
> 3. The trial court erred in failing to merge Shannon's convictions for felonious assault and kidnapping.

3

Doc. 9-1, p. 15. On January 28, 2016, the Ohio Court of Appeals affirmed the trial court as to the first two assignments of error but agreed with Halstead that kidnapping and felonious assault were allied offenses that should have been merged. Doc. 9-1, pp. 59-70. Accordingly, the state Court of Appeals reversed and remanded for the trial court to resentence Halstead on whichever allied offense the state elected to proceed with. Doc. 9-1, p. 70.

On March 14, 2016, Halstead, *pro se*, filed an appeal to the Ohio Supreme Court. Doc. 9-1, p. 71. In his memorandum in support of jurisdiction, he asserted the following propositions of law:

> I. The appellant's convictions for felonious assault, kidnapping, and theft were against of the manifest weight the evidence. In violation of the Ohio and United States Constitutions.
>
> II. The trial court erred in giving a flight instruction to the jury because there was no evidence showing the appellant took affirmative steps to evade detection and apprehension by the police. In violation of the Ohio and United States Constitutions.

Doc. 7-1, p. 86. On May 18, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). Doc. 9-1, p. 115.

### B. Resentencing

On July 13, 2016, pursuant to the Ohio Court of Appeals' remand order, the trial court merged Halstead's kidnapping and felonious assault counts; the state elected for Halstead to be sentenced on the felonious assault count; and the trial court sentenced Halstead to five years for felonious assault and 6 months for theft, to be served concurrently, for an aggregate sentence of 5 years in prison. Doc. 9-1, p. 116.

### C. Application to Reopen pursuant to App. R. 26(B)

On November 29, 2016, Halstead, *pro se*, filed an application for reopening pursuant to Ohio App. R. 26(B). Doc. 9-1, p. 118. As a basis for reopening the appeal, Halstead argued that his appellate counsel was ineffective for the following reasons:

4

> 1. Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution where his appellate counsel omitted a dead bang winner, prejudicing appellant to receiving a full review by the court.
>
> Appellant's counsel failed the appellant by not arguing a dead bang winner on the sufficiency of the evidence after both state[']s eye witnesses clearly testified that Appellant was not the person they saw attacking the victim.
>
> 2. Appellant's conviction is not supported by sufficient evidence consequently violating Appellant's constitutional right to due process under the Fourteenth Amendment to the United States Constitution.
>
> 3. Appellant was denied a fair trial violating his due process and 14th amendment to the United States Constitution for false testimony and evidence.

Doc. 9-1, pp. 120-122.  On February 6, 2017, the Ohio Court of Appeals denied Halstead's application to reopen, finding it untimely and without good cause for being so, and also for Halstead's failure to comply with App. R. 26(B)(2)(d).  Doc. 9-1, pp. 127-131.  Halstead did not appeal this decision.

### D. Federal Habeas Petition

On August 9, 2016, Halstead, *pro se*, filed his Petition for a Writ of Habeas Corpus.  Doc. 1.  He listed the following grounds for relief:

> **Ground One:** The Petitioner's convictions for felonious assault, kidnapping, and theft were against the manifest weight of the evidence. In violation of the Ohio Constitution Art. I, Section 10 and United States Constitution's Amendment[s] 4, 5 and 14.
>
> **Ground Two:** The trial court erred in giving a flight instruction to the jury because there was no evidence showing the petitioner took affirmative steps to evade detection and apprehension by the police. In violation of the Ohio Constitution Art. I, Section 10 and United States Constitution's Amendment[s] 4, 5 and 14.

Doc. 1, pp. 5-6.  On March 6, 2017, Respondent filed a Return of Writ.  Doc. 9.  In his Return of Writ, Respondent argues that Ground One is not cognizable and Ground Two fails on the merits. Doc. 9, pp. 8-16.  Halstead filed a Traverse on April 5, 2017.  Doc. 10.

5

**II. Law**

In order to obtain habeas relief under 28 U.S.C. § 2254(d), a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law as determined by the United States Supreme Court ("contrary to" clause); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause). *Id.*

"Under the 'contrary to' clause, a federal habeas court may grant a writ if the state court arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or [based on] a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court's decisions as of the time of the relevant state court decision, as well as legal principles and standards flowing from Supreme Court precedent. *Id.* at 412; *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). A state court is not required to cite Supreme Court precedent or reflect an awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005). If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted contrary to, or unreasonably applied, Supreme Court precedent or clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

6

In determining whether the state court's decision involved an unreasonable application of law, the court employs an objective standard. *Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011). "A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

### III. Claim Analysis

**A. Ground One is not cognizable**

In Ground One, Halstead argues that his convictions are against the manifest weight of the evidence. Doc. 1, p. 5. Federal habeas corpus relief is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 US 1, 5 (2010). A claim that a conviction is against the manifest weight of the evidence rests solely on state law and is not a cognizable claim in a federal habeas petition. *See Ross v. Pineda*, 2011 WL 1337102, at *3 (S.D.Ohio April 11, 2011) ("Whether a conviction is against the manifest weight of the evidence is purely a question of Ohio law," citing *State v. Thompkins*, 678 N.E.2d 541, 546 (Ohio 1997) (explaining that sufficiency of the evidence and weight of the evidence are distinct legal concepts)). Accordingly, Ground One is not cognizable and, therefore, not reviewable by this Court.[4]

---

[4] On page five of his Petition, Halstead lists Ground One as a manifest weight claim and sets forth the legal standard in Ohio for a manifest weight claim. Doc. 1, p. 5. On page 13 of his Petition, Halstead lists "Ground for Relief No. I: (Continued)" and refers to the sufficiency of the evidence. Doc. 1, p. 13; *see also* Doc. 10, p. 4 (Traverse stating that Halstead "raised the issue of evidence considered by the jurists" in the state courts and urging this Court to review his claim under the federal standard of sufficiency of the evidence). But Halstead never presented a stand-

7

**B. Ground Two fails on the merits**

In Ground Two, Halstead argues that the trial court erred in giving a flight instruction to the jury when there was no evidence that he took affirmative steps to evade detection and apprehension by the police. Doc. 1, p. 6. The Ohio Court of Appeals considered this claim:

> *III. Incorrect Jury Instruction*
>
> {¶ 13} In his second assignment of error, Halstead argues that the trial court erred in giving a flight instruction to the jury because there was no evidence showing that he took affirmative steps to evade detection and apprehension by the police. "The giving of jury instructions is within the sound discretion of the trial court, and the appellate court can review it for an abuse of discretion." *State v. Howard*, 8th Dist. Cuyahoga No. 100094, 2014–Ohio–2176, ¶ 35. In this case, the trial court gave the following jury [instruction] on flight:
>
>> There may be evidence in this case to indicate that the defendant fled from the scene of the crime. Flight does not, in and of itself, raise a presumption of guilt, but may show consciousness of guilt or a guilty connection with the crime. If you find that the defendant did flee from the scene of this crime, you may consider the circumstance in your consideration of guilt or lack of guilt of the defendant. Tr. at 391.
>
> {¶ 14} "Similar versions of this flight instruction have been upheld by this court in numerous cases, including *State v. Gibson*, 8th Dist. Cuyahoga No. 98725, 2013–Ohio–4372, *State v. Vanderhorst*, 8th Dist. Cuyahoga No. 97242, 2012–Ohio–2762, ¶ 55, and *State v. Hamilton*, 8th Dist. Cuyahoga No. 86520, 2006–Ohio–1949." *Howard* at ¶ 44. However, the instructions given in those cases were upheld because the evidence demonstrated that the instruction was warranted. *Id*. But this court has held that,
>
>> a mere departure from the scene of the crime is not to be confused with deliberate flight from the area in which the suspect is normally to be found. It must be clear that the defendant took affirmative steps to avoid detection and apprehension beyond simply not remaining at the scene of the crime for purposes of a flight instruction.
>
> *State v. Jackson*, 8th Dist. Cuyahoga No. 100125, 2014–Ohio–3583, ¶ 45.
>
> {¶ 15} Recently this court held in *State v. Johnson*, 8th Dist. Cuyahoga No. 99715, 2014–Ohio–2638, ¶ 110, that the defendant's conduct of leaving the scene of the crime did not

---

alone sufficiency of the evidence claim to the state courts. Thus, to the extent he attempts to assert a sufficiency of the evidence claim in his federal habeas petition, such a claim is procedurally defaulted. *See Thompkins*, 678 N.E.2d at 546 ("The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (a petitioner procedurally defaults a claim by failing to raise a claim in state court and pursue that claim through the state's ordinary appellate review procedures, citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)).

> warrant a flight instruction because there was no evidence of deliberate flight in the sense of evading police. *See also State v. Wesley*, 8th Dist. Cuyahoga No. 80684, 2002–Ohio–4429 (flight instruction not warranted based on insufficient evidence). Much like in *Johnson*, the evidence in this case did not warrant a flight instruction. Halstead's leaving the scene was not deliberate flight in the sense of evading police and detection. There is not any evidence that Halstead was evading the police. That state's only assertion to support that Halstead evaded the police is that he left the scene of the crime. We find that is not enough.
>
> {¶ 16} Despite the court's error, we cannot say, nor has Halstead demonstrated, that the error was prejudicial. "A reviewing court may not reverse a conviction in a criminal case due to jury instructions unless it is clear that the jury instructions constituted prejudicial error." *Jackson*, 8th Dist. Cuyahoga No. 100125, 2014–Ohio–3583, ¶ 49. "In order to determine whether an erroneous jury instruction was prejudicial, a reviewing court must examine the jury instructions as a whole." *Id*. "A jury instruction constitutes prejudicial error where it results in a manifest miscarriage of justice. Conversely, any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." *Id*.
>
> {¶ 17} Reviewing the jury instructions as a whole, we cannot say that the trial court's instruction on flight was prejudicial, such that a manifest miscarriage of justice occurred. The instruction given, although improper, allowed the jury to make its own conclusions on flight and to consider whether Halstead left the scene and, if so, his motivation for leaving. Thus, the instruction did not change the underlying facts of the case; the instruction was harmless beyond a reasonable doubt. Halstead's second assignment of error is overruled.

*State v. Halstead*, 2016 WL 515758, at *3-4. In other words, the Ohio Court of Appeals found that the trial court erroneously gave the jury instruction on flight but that this error was harmless.

A federal habeas court considers a state appellate court's harmless error determination of a constitutional trial error under the standard set forth in *Brecht v. Abrahamson*—"whether the [complained of] error 'had substantial and injurious effect or influence in determining the jury's verdict.'" 507 U.S. 619, 623 (1993); *Davis v. Ayala*, 135 S.Ct. 2187, 2197 (2015) (when a state court applies a harmless error analysis, a habeas petitioner must show that the trial error "resulted in 'actual prejudice[,]'" quoting *Brecht*, 507 U.S. at 637). This standard applies to "constitutional error[s] of the trial type[,]" *Brecht*, 507 U.S. at 638, including erroneous jury instructions, *Hedgpeth v. Pulido*, 555 U.S. 57, 60-61 (2009).

9

Here, the Ohio Court of Appeals applied the correct standard—whether Halstead demonstrated actual prejudice resulting from the erroneous jury instruction on flight—and found that Halstead did not demonstrate actual prejudice.  *See Brecht*, 507 U.S. at 637.  Halstead submits, "The jury heard the judge say when some[one] flees the scene they are guilty or there is a guilty connection to the crime.  That was all the jury needed to hear to return with a guilty verdict."  Doc. 10, p. 11.  The undersigned disagrees.  First, the instruction given on flight does not instruct the jury that a person who flees the scene is guilty; it instructs the jury that *if* it find that the defendant fled the scene it *may* consider this circumstance in its consideration of the defendant's guilt.  In other words, the jury was permitted to decide for itself whether and to what extent Halstead's actions impacted its findings.  Next, it cannot be said that this instruction caused the jury to find Halstead guilty.  The jury heard Halstead's story and the victim's story and chose to believe the victim's story; it also heard testimony that Halstead had previously stated that he acted in self-defense (Doc. 9-3, pp. 91, 99), a statement that undercut his version of the story he told at trial.

Halstead also argues that the cases that Respondent relied upon in his brief and the cases that the Ohio Court of Appeals relied upon in its decision were cases in which the jury instruction on flight was upheld because there was evidence that it was warranted.  Doc. 10, p. 11.  He argues that this case is different because the jury instruction was found to be erroneous and it was unsupported by the evidence of record.  *Id*.  But, in *State v. Jackson*, discussed by the Ohio Court of Appeals in its decision in Halstead's case, the state court of appeals found that the same jury instruction regarding flight given in Halstead's case had been erroneously given in Jackson's case, it applied harmless error review, remarked that there was no evidence that Jackson evaded detection or apprehension, and found that there was no prejudice.  2014 WL 2100944, at *8 (Oh. Ct. App. Aug. 21, 2014) (defendant was arrested two days after the murder

10

without any evidence of "fleeing, resisting, or protesting in any way."). Thus, the Ohio Court of Appeals relied upon a factually analogous case when concluding that Halstead could not show prejudicial error.

In sum, the Ohio Court of Appeals applied the correct legal standard and its ruling was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103. Ground Two fails on the merits.

### IV. Conclusion and Recommendation

For the reasons stated above, the undersigned recommends that Halstead's habeas petition be **DENIED** because Ground One is not cognizable and Ground Two fails on the merits.

Dated: May 9, 2017

Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).