PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SHANNON W. HALSTEAD, | ) |
| | ) CASE NO. 1:16CV1978 |
| Petitioner, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| DAVID W. GRAY,[1] Warden, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) [Resolving ECF No. 12] |

*Pro Se* Petitioner Shannon W. Halstead, currently an inmate at the Belmont Correctional Institution, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging two (2) grounds for relief which challenge the constitutional sufficiency of his conviction in Cuyahoga County, Ohio Court of Common Pleas Case No. CR-14-588993-A. The case was referred to Magistrate Judge Kathleen B. Burke for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). The magistrate judge subsequently issued a Report & Recommendation (ECF No. 11). In her Report, the magistrate judge recommends that the Court deny the Petition because Ground One is not cognizable in this

---

[1] Warden Michelle Miller was the original respondent. She was sued in an official capacity as a public officer. According to the Ohio Department of Rehabilitation and Correction website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A664364?enc=%7Chalstead%7Cshannon%7CCUYA%7C%7C%7CIncarcerated%7C%7CName%7C-1%7C10%7C (last visited October 31, 2017)), Petitioner is currently serving a term of incarceration at the Belmont Correctional Institution. David W. Gray currently is the Warden at that facility. Pursuant to Fed. R. Civ. P. 25(d), Gray's name has been automatically substituted as a party.

(1:16CV1978)

federal habeas corpus proceeding and/or is procedurally defaulted, and Ground Two fails on the merits. ECF No. 11 at PageID #: 675. Petitioner filed timely Objections to the Magistrate Judge's Report (ECF No. 12). The Court, after reviewing the Objections, hereby adopts the Report and denies the Petition.

## I. Facts

Petitioner was convicted in a jury trial of two counts of felonious assault, one count of kidnapping, and one count of theft. ECF No. 9-1 at PageID #: 84. The trial court sentenced him to five years imprisonment on the two felonious assault convictions, five years imprisonment on the kidnapping conviction, and six months imprisonment on the theft conviction. All three sentences were to be run concurrently giving Petitioner a total of five years imprisonment. ECF No. 9-1 at PageID #: 85-86.

Petitioner appealed to the Eighth District Court of Appeals of Ohio. ECF No. 9-1 at PageID #: 87. He raised three assignments of error. ECF No. 9-1 at PageID #: 95. The Ohio Court of Appeals affirmed the trial court as to the first two assignments of error, but agreed with Petitioner that kidnapping and felonious assault were allied offenses that should have been merged as the same offense. The case was remanded in part for a new sentencing hearing. *State v. Halstead*, No. 102723, 2016 WL 515758, at *5, ¶¶ 19-20 (Ohio App. 8th Dist. Jan. 28, 2016); ECF No. 9-1 at PageID #: 146. In May 2016, the Supreme Court of Ohio declined to accept jurisdiction of the appeal, *State v. Halstead*, 145 Ohio St.3d 1473 (2016); ECF No. 9-1 at PageID #: 192, and Petitioner did not further appeal to the United States Supreme Court.

In July 2016, pursuant to the Ohio Court of Appeals' remand order, the trial court

2

(1:16CV1978)

merged Petitioner's kidnapping and felonious assault counts; the state elected for Halstead to be sentenced on the felonious assault count; and, the trial court sentenced him to five years for felonious assault and six months for theft, to be served concurrently, for an aggregate sentence of five years in prison. ECF No. 9-1 at PageID #: 193-94.

In November 2016, Petitioner filed an Application for Reopening Pursuant to Ohio App. R. 26(B). ECF No. 9-1 at PageID #: 195-203. It was denied by the Eighth District Court of Appeals of Ohio in February 2017. *State v. Halstead*, No. 102723, 2017 WL 526263 (Ohio App. 8th Dist. Feb. 6, 2017); ECF No. 9-1 at PageID #: 204-208. Petitioner did not appeal this decision to the Ohio Supreme Court.

On August 9, 2016, Petitioner filed the instant timely Petition for a Writ of Habeas Corpus (ECF No. 1).

**II. Standard of Review for a Magistrate Judge's Report and Recommendation**

When objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

### III. Law & Analysis

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The task of the Court is not to determine whether the Ohio Court of Appeals' decision was right or wrong. Instead, under the AEDPA, the Court must decide whether the state appellate court's adjudication of Petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). As the United States Supreme Court has explained:

> an *unreasonable* application of federal law is different from an *incorrect* application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable. This distinction creates a substantially higher threshold for obtaining relief than *de novo* review. AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.

*Renico v. Lett*, 559 U.S. 766, 773(2010) (internal citations and quotations omitted) (emphasis in original).

4

(1:16CV1978)

### A. Ground One

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States. [28 U.S.C. § 2254(a)](#). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." [Pulley v. Harris, 465 U.S. 37, 41 (1984)](#); *see also* [Smith v. Sowders, 848 F.2d 735, 738 (6th Cir. 1988)](#). Moreover, because the state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters. *See* [Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)](#) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Claims of state law error are not cognizable in federal habeas corpus "unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution." [Cristini v. McKee, 526 F.3d 888, 897 (6th Cir. 2008)](#).

Petitioner objects to the magistrate judge's recommendation that Ground One is not cognizable. In Ground One, Petitioner argues that he is entitled to federal habeas corpus relief because his "convictions for felonious assault, kidnapping, and theft were against the manifest weight of the evidence." [ECF No. 1 at PageID #: 5](#) (capitalization altered). Habeas corpus relief is available only to correct constitutional violations. [28 U.S.C. § 2254(a)](#); [Wilson v. Corcoran, 562 US 1,5 (2010)](#). However, "[a] manifest-weight claim is a matter of state law and not cognizable on habeas review." [Riley v. Warden, Noble Corr. Inst., No. 16-3912, 2017 WL 3597424, at *3 (6th Cir. Feb. 24, 2017)](#). Accordingly, the Court cannot review Ground One because it is not cognizable.

5

(1:16CV1978)

Petitioner argues in his Objections, however, that Ground One is cognizable because it should actually be refocused as a sufficiency of the evidence claim. ECF No. 12 at PageID #:686. The magistrate judge addressed this issue in footnote 4 of the Report & Recommendation. ECF No. 11 at PageID #: 680. "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380 (1997), paragraph two of the syllabus. Ground One asserts a manifest weight claim and cites to the corresponding legal standard. ECF No. 1 at PageID #: 5. Most importantly, after careful review of the record, the Court finds Petitioner failed to present an independent sufficiency of the evidence claim to the state courts. As such, Petitioner procedurally defaulted his sufficiency of the evidence claim as he did not present the issue to the appropriate state court. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

Accordingly, the Court agrees with the magistrate judge's recommendation that Ground One is not cognizable on federal habeas review or, in the alternative, it is procedurally defaulted.

**B. Ground Two**

Petitioner also objects to the magistrate judge's recommendation that Ground Two fails on the merits. In Ground Two, Petitioner argues that he is entitled to federal habeas corpus relief because "[t]he trial court erred in giving a flight instruction to the jury because there was no evidence showing the petitioner took affirmative steps to evade detection and apprehension by the police" ECF No. 1 at PageID #: 5 (capitalization altered). The Ohio Court of Appeals considered this claim and held that although the trial court did give erroneous jury instruction on

(1:16CV1978)

flight, the error was harmless. *State v. Halstead*, No. 102723, 2016 WL 515758, at *3-4 (Ohio App. 8th Dist. Jan. 28, 2016).

Here, Petitioner takes issue with the fundamental fairness of his trial because "the jury was severely prejudiced upon hearing the flight instruction." ECF No. 12 at PageID #: 690. Petitioner contends that relief should be granted because "the flight instruction should not have been given, period." *Id.* at PageID #: 687. However, Petitioner failed to adequately overcome both the state appellate court and the magistrate judge's finding that the error was harmless.

"As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). A federal habeas court applies the standard set forth in *Brecht v. Abrahamson* when reviewing a state appellate court's harmless error determination. 507 U.S. 619, 623 (1993). Under this standard, the Court must consider "whether the [complained of] error 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* The habeas petitioner must show that the trial error resulted in actual prejudice to overcome a state court's application of harmless error analysis. *Davis v. Ayala*, 135 S.Ct. 2187, 2197 (2015).

Here, Petitioner failed to meet his burden in proving that actual prejudice resulted from the erroneous jury instruction. Petitioner argues that the jury was severely prejudiced solely by receiving the erroneous jury instruction. This argument, however, is undercut by Petitioner's own statement that "no one – absent the actual jurors – would be able to determine what was

7

(1:16CV1978)

considered at trial." *Id.* at PageID #: 687. Ultimately, the jury did not make its decision solely based on this erroneous jury instruction. In fact, the jury considered testimony from both Petitioner and the victim before reaching its decision. ECF No. 9-3 at PageID #: 503.

Accordingly, Petitioner fails to demonstrate that the erroneous jury instruction was not harmless. Habeas relief is not warranted on this claim.

### IV. Conclusion

Petitioner's Objections (ECF No. 12) are overruled and the Report & Recommendation (ECF No. 11) of the magistrate judge is adopted. Shannon W. Halstead's Petition for a Writ of Habeas Corpus is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| October 31, 2017 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |